**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN  DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **R. SADLER BAILEY, et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO.: 2:18-CV-02719-** |
| **UTOPIX MEDICAL, L.L.C., et al.,** ) | **JPM-TMP** |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

**ANSWER OF DEFENDANTS**
**UTOPIX MEDICAL, L.L.C., CHARLES DAVID FINCH, JR., M.D.,**
**AND TAYLOR HANES**

Defendants Utopix Medical, L.L.C. ("Utopix"), Charles David Finch, Jr., M.D. ("Dr. Finch"), and Taylor Hanes ("Mr. Hanes") (collectively, the "Utopix Defendants"), pursuant to Fed. R. Civ. P. 12 and 81(c)(2)(C), respectfully assert the following answer to Plaintiffs' complaint in the above-captioned case.  Unless an allegation is expressly admitted, it is denied.

## PARTIES

1.      Admitted upon information and belief.

2.      Admitted upon information and belief.

3.      The Utopix Defendants do not have sufficient information to admit or deny the allegations of this paragraph of the complaint, and therefore deny them.

4.      The first sentence of Paragraph No. 4 is admitted as to all allegations except that Utopix Defendants deny that the address listed for the principal place of business of Utopix Medical, LLC is correct.  The current address of Utopix Medical, LLC is 6136 Frisco Square Blvd, Suite 400, Frisco, TX  75034.  The allegations of the second sentence are denied.  The third sentence is admitted.

04616008.1

5.      The first sentence of Paragraph No. 5 is admitted.  The Utopix Defendants deny that Dr. Finch is, or has ever been, "a member, employee or agent of Turning Point Medical, LLC."  The Utopix Defendants admit that based on the Tennessee Secretary of State website, Turning Point, LLC has been administratively dissolved.  The Utopix Defendants admit that Dr. Finch is a "member, employee or agent of Defendant Utopix," but denies that he has been so "[a]t all materials times hereto."

6.      The first sentence of Paragraph No. 6 is admitted.  As to the second sentence, Defendants admit that Mr. Hanes is a "member, employee or agent of Defendant Utopix," but deny that he has been such "at all material times hereto."

7.      Upon information and belief, the first sentence of Paragraph No. 7 is admitted. As to the second sentence, Defendants admit that Dr. Gilmore is currently a member of Utopix Medical, LLC, but denies the remaining allegations.

8.      The Utopix Defendants admit that, upon information and belief, Obsidian Solution, LLC is a limited liability company organized under the laws of the state of Texas, and that its principal place of business is 13950 Distribution Way, Farmers Branch, Texas 75234-3437.  The Utopix Defendants do not have sufficient information to admit or deny the remaining allegations of Paragraph No. 8, and therefore, deny them.  Specifically, the Utopix Defendants deny that Defendant Obsidian would be liable for any of the matters alleged in the Complaint.

9.      The Utopix Defendants do not have sufficient information to admit or deny the allegations of Paragraph No. 9, and therefore, deny them.  .

10.     The Utopix Defendants do not have sufficient information to admit or deny the allegations of Paragraph No. 10, and therefore, deny them.

11.     The allegations of Paragraph No. 11 are conclusions of law and therefore, do not

require admission or denial.    To the extent the allegations do require admission or denial, the Utopix Defendants deny the allegations.

12.      The allegations of Paragraph No. 11 are conclusions of law and therefore, do not require admission or denial.    To extent the allegations do require admission or denial, the Utopix Defendants admit that this case was properly removed to the United States District Court for the Western District of Tennessee and that this Court may exercise federal question jurisdiction over the matters raised in the Complaint.

13.      The allegations of Paragraph No. 13 are conclusions of law and therefore, do not require admission or denial.    To the extent the allegations do require admission or denial, the Utopix Defendants deny the allegations.

14.      The allegations of Paragraph No. 14 are conclusions of law and therefore, do not require admission or denial.    To the extent the allegations do require admission or denial, Defendant Utopix admits that it was served with process in this case.  Defendants Dr. Finch and Mr. Hanes deny the allegations regarding service of process.  All other allegations are denied.

## DEFINITIONS

15.      The allegations of Paragraph No. 15 are not factual averments and therefore, do not require admission or denial.

16.      The allegations of Paragraph No. 16 are not factual averments and therefore, do not require admission or denial.

17.      The allegations of Paragraph No. 17 are not factual averments and therefore, do not require admission or denial.

18.      The allegations of Paragraph No. 18 are not factual averments and therefore, do not require admission or denial.

## FACTUAL ALLEGATIONS

The Utopix Defendants incorporate by reference as if fully set forth verbatim herein their answer to each and every allegation in the Complaint.

19.     The allegations of Paragraph No. 19 are conclusions of law and therefore, do not require admission or denial.    To the extent the allegations do require admission or denial, the Utopix Defendants deny the allegations.   Specifically, the Utopix Defendants deny any conversion of intellectual property of any kind from any person or entity.

20.     The Utopix Defendants do not have sufficient information to admit or deny the allegations of Paragraph No. 20, and therefore, the allegations are denied.

21.     The Utopix Defendants do not have sufficient information to admit or deny the allegations of Paragraph No. 21, and therefore, the allegations are denied.

22.     The Utopix Defendants do not have sufficient information to admit or deny the allegations of Paragraph No. 22, and therefore, the allegations are denied.

23.     The Utopix Defendants admit that at least one patent application, available on the United States Patent and Trademark Office website and referenced in paragraph 24 of the Complaint, lists Henrik Kuiper and Brian Kamradt as the claimed inventors of the KATS device. The Utopix Defendants do not have sufficient information to admit or deny the remaining allegations of Paragraph No. 23, and therefore, the remaining allegations are denied.

24.     Upon information and belief, the Utopix Defendants admit that at least one patent application was filed on October 15, 2014.  The Utopix Defendants admit that the patent application, available on the United States Patent and Trademark Office website, lists Henrik Kuiper and Brian Kamradt as the claimed inventors of the KATS device. The Utopix Defendants do not have sufficient information to admit or deny the remaining allegations, and therefore,

deny all remaining allegations.

25.     Denied.

26.     Denied.  Neither Dr. Finch nor any other defendant had any legal association with Turning Point, LLC.

27.     The Utopix Defendants admit that Dr. Finch, as a gratuitous personal favor to Hendrik Kuiper, a life-long friend, made a presentation to a group of people including Plaintiffs Bailey and Miller on or about July 2016 but deny the remaining allegations of the first sentence of Paragraph No. 27, and specifically deny that anything about that presentation was inaccurate or unlawful.  The allegations of the second sentence are denied.  The Utopix Defendants do not have information sufficient to admit or deny the allegations in the third sentence of Paragraph No. 27, and therefore, those allegations are denied.

28.     The Utopix Defendants deny that Dr. Finch hired or terminated any persons or team or entity on behalf of Turning Point.   The Utopix Defendants deny the Complaint's implication, if any, that Dr. Finch had any authority to do so as he had no legal position with Turning Point, LLC.  The Utopix Defendants admit that Dr. Finch, personally, stopped using Concepts in Production and began using Defendants Obsidian Solution, Goodwin and Yamamoto to work on new projects for him, individually.  The Utopix Defendants deny the remaining allegations of Paragraph 28.

29.     The Utopix Defendants admit that Dr. Finch and Defendant Gilmore formed Utopix Medical, Inc., a Tennessee corporation, in or about April 2016.  The Utopix Defendants further admit that, based on the Tennessee Secretary of State's website, Turning Point LLC was administratively dissolved on August 6, 2016, due to acts or omissions of persons other than any defendant in this action.  The Utopix Defendants deny all remaining allegations of this paragraph

29 of the Complaint, including any implication that Utopix Medical, Inc. was at any time the legal successor of Turning Point, LLC.

30.      The Utopix Defendants admit that Dr. Gilmore wrote a business plan for Utopix Medical, Inc..  The Utopix Defendants admit that Dr. Finch was the Chairman of the Board and CEO of Utopix Medical, Inc.  The Utopix Defendants deny the remaining allegations of paragraph 30 of the Complaint.

31.      The Utopix Defendants admit that Utopix Medical, LLC was formed in April, 2017.  All remaining allegations of Paragraph No. 31 are denied, and the Utopix Defendants specifically deny any implied averment that Utopix Medical, LLC was at any time the legal successor of Turning Point, LLC.

32.      The Utopix Defendants admit that a provisional patent application number 61/316,896 was filed on April 1, 2016.   The Utopix Defendants further admit that two U.S. non-provisional patent applications were filed on the same date, November 9, 2017, for application numbers 15/572,944 and 15/808,483.  The Utopix Defendants further admit that another patent application (PCT/US17/25336) was filed on March 31, 2017.  The Utopix Defendants deny any remaining allegations in paragraph 32 of the Complaint.

33.      The Utopix Defendants admit that Utopix Medical, LLC is currently in the middle of a fundraising campaign.   All remaining allegation of Paragraph No. 33 are denied.

## LIABILITY

### Count I-Breach of Fiduciary Duty
### Defendant Finch

34.      The Utopix Defendants incorporate by reference as if fully set forth verbatim herein their answer to each and every allegation in the Complaint.

35.     Denied.

36.     Denied.

## Count II-Conversion
## All Defendants

37.     The Utopix Defendants incorporate by reference as if fully set forth verbatim

herein their answer to each and every allegation in the Complaint.

38.     Denied.

39.     Denied.

## Count III-Unjust Enrichment
## The Utopix Defendants

40.     The Utopix Defendants incorporate by reference as if fully set forth verbatim

herein their answer to each and every allegation in the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## Count IV-Civil Conspiracy
## All Defendants

45.     The Utopix Defendants incorporate by reference as if fully set forth verbatim

herein their answer to each and every allegation in the Complaint.

46.     Denied.

47.     Denied.

## Count V-Punitive Damages
## All Defendants

48.     Denied.

**PRAYERS FOR RELIEF**

49.     The Utopix Defendants deny that Plaintiffs are entitled to any of the relief set forth in Paragraph No. 49.

**DEFENSES**

1.     The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by their failure to satisfy necessary conditions precedent.

3.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have standing to assert the claims in the Complaint.

4.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

5.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and/or estoppel.

6.     Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate, minimize or avoid any damages they may be claiming.

7.     Some or all of the claims of Plaintiffs are barred by the statute of frauds.

8.     Some or all of the claims of Plaintiffs are barred by their own comparative fault.

9.     To the extent Plaintiffs seek an award of exemplary or punitive damages, the Utopix Defendants specifically incorporate by reference and invoke all legal limitations regarding the determination and/or enforceability of such damage awards set forth in the United States Supreme Court decisions of *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual*

*Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

10.     Any award of punitive, exemplary and/or multiple damages to Plaintiffs in this case would violate the United States and/or Tennessee Constitutions.

11.     Any act or omission of any Utopix Defendant was not the proximate cause of injury to any plaintiff due to intervening and superseding causation of third-party action.

12.     The Utopix Defendants are not infringing and have not infringed any patent owned by any Plaintiffs or Turning Point, LLC under any theory.

13.     Any alleged patent is invalid, unenforceable, and/or void.

Respectfully submitted by,

/s/*Mark Vorder-Bruegge, Jr.*
Mark Vorder-Bruegge, Jr. (BPR No. 6389)
mvb@wyattfirm.com
Glen Reid, Jr. (BPR No. 8184)
greid@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
6070 Poplar Ave., Suite 300
Memphis, TN 38119
901-537-1000
Fax:  901-537-1010

*Attorneys for Defendants Utopix Medical,*
*L.L.C., Charles David Finch, Jr., M.D., and*
*Taylor Hanes*

OF COUNSEL:

W. EDWARD BAILEY
THOMAS W. THAGARD, III
LORRIE L. HARGROVE

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Ave. North, Suite 2400
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999

## **CERTIFICATE OF SERVICE**

The foregoing document was filed via the Court's CM/ECF system, automatically effecting service on counsel of record for all parties to this action.

*/s/Mark Vorder-Bruegge, Jr*
Mark Vorder-Bruegge, Jr.